## WORKHOUSE GUARD NOT WITHIN EIGHT HOUR REGULATION.

Superior Court of Cincinnati.

LEO FRANK IBOLD v. CITY OF CINCINNATI.[*]

Decided, May 16, 1916.

*Municipal Corporations—Duties of a Workhouse Guard in the Nature of those of a Policeman—Nature of His Contract where Employed by the Month—Not Entitled to Over-time.*

1. A municipality is not liable, by implied contract, to pay a workhouse guard for extra hours beyond eight hours a day, where said guard accepts said employment by the month, knowing that he is expected to work twelve hours a day, making no objection thereto or demand for extra pay during his employment, and not expecting or intending to claim compensation for extra time.

2. A guard employed at a municipal workhouse is working for the public but is not engaged in a public work within the meaning of Section 221-1 of the ordinances of the city of Cincinnati.

3. The duties of a municipal workhouse guard are substantially those of a policeman, and he will be considered as such for the purposes of Section 221-1 of the ordinances of the city of Cincinnati.

*Wm. Thorndyke,* for plaintiff.

*Chas. A. Groom,* City Solicitor, and *Charles Tatgenhorst, Jr.,* Assistant City Solicitor, contra.

GUSWEILER, J.

This cause is now considered on a demurrer raising the question as to whether the facts stated in plaintiff's petition constitute a cause of action.

From the petition, it appears that the plaintiff was employed in the service of the city of Cincinnati as a guard at the municipal workhouse, during the months of October, November and December, 1915, and January and February, 1916; that plaintiff served all during this time for a period of twelve hours each

---

[*] Affirmed by the Court of Appeals without opinion, December 13, 1916.

day; that the municipal ordinance fixes plaintiff's salary at $75 per month. Plaintiff claims he was only bound to work for eight hours each day and that he is entitled to pay for the four extra hours each day during the period of employment. There is no issue on the question of payment of the $75 per month. The issue here is, can the plaintiff recover pay for the excess hours beyond the eight hours per day which the plaintiff says totals the sum of $281.25?

Plaintiff cites Section 241, 221-1 and 221-2 of the ordinances of Cincinnati, and claims that under Section 221-1 plaintiff was bound only to work for eight hours a day. However, this ordinance expressly excludes policemen and firemen from its application.

1. It is the opinion of the court that plaintiff working as a guard at the Cincinnati workhouse, is in law to be regarded as a policeman for the purposes of Section 221-1 of the ordinances of Cincinnati as coming within the rule laid down by Judge Price of our Supreme Court in *Bell* v. *City*, 80 O. S., 1, and therefore, he is not entitled to the relief prayed for in his petition.

2. It is the opinion of the court that Section 221-1 of the ordinances of Cincinnati, as to the eight hour labor limitation has application only to "public work" done by persons and corporations and associations for the city, and not to employees or guards at a municipal workhouse, following the opinion of former Attorney-General Hogan, rendered February 13th, 1914, found on page 283 of the Annual Reports of the Attorney-General of Ohio, Vol. 1, 1914, and 44 N. Y. App. Div., 492.

There is a distinction between "workmen working for the public" and "workmen engaged in public work." A workhouse guard is working for the public, but is not engaged in a public work within the meaning of Section 221-1 of the ordinances of Cincinnati. No one would insist that "public work" in this application includes within its scope all work performed for, in the interest of, or at the expense of the general public. In other words, there is a clear distinction, though the line of demarcation is not easy of definition, between "public work"

as here used, and "working for the public" or "public employment"—that is, being employed by the public.

In the case of *Ellis* v. *Grand Rapids*, 123 Mich., 567, is said:

"Public work is distinguished from public department as used in the statutes giving preference to veterans in employment in all public departments and upon public work."

One is an employment by the public, the other an employment upon an object or undertaking having some kind of permanent existence of a structural character and capable of being properly regarded, when completed as of general public interest and utility.

Policemen and firemen are by the terms of the statute specifically exempt from its provision. It will be readily observed, however, that the police and fire departments of municipal corporations are not public works within the definition of that phrase as hereinbefore stated, and hence policemen and firemen would not have been subject to the provisions of Sections 17-1 and 17-2, General Code, *supra,* even though no mention had been made of them in the statutes.

It may be further observed that this statute applies only to workmen. It is not every one who may be engaged in a public service that is subject to the provisions thereof. The distinction between a workman and a public officer is so marked as to avoid necessity of discussion. It is sufficient to say that public officers of the state, or of a political subdivision thereof, are not within the terms of the statute. Aside from the fact that public officers are not workmen they are not generally engaged on work of a structural nature. For these reasons the plaintiff is not entitled to the relief prayed for.

The operation and conduct of a workhouse by a city constitutes the exercise of a governmental and not a ministerial function of power. 80 O. S., 1. The plaintiff, workhouse guard, having accepted employment and having received and accepted his regular pay of $75 per month, and making no objection or complaint at any time during his employment against work-

ing for twelve hours, and not expecting pay or intending to claim compensation at that time for extra hours, but delaying until after his discharge and then complaining about pay for extra hours, raises in law no obligation on an implied contract, and plaintiff has no cause of action. *Ry. Co.* v. *Gaffney,* 65 O. S., 104.

For these reasons the demurrer will be sustained and the petition dismissed.