REGENTS OF UNIVERSITY OF MICHIGAN *v.*
LABOR MEDIATION BOARD

1. COLLEGES AND UNIVERSITIES—CONSTITUTIONAL LAW—PUBLIC EM-
PLOYERS—PUBLIC EMPLOYEES.

   The Regents of the University of Michigan, a constitutionally
   established public body corporate, *held* to be a public em-
   ployer and its nonacademic employees to be public employees
   within the meaning of a statute regulating labor relations
   between public employers and employees as authorized by the
   constitution (Const 1963, art 4, § 48; art 8, § 5; MCLA §§
   423.201–423.216).

2. COLLEGES AND UNIVERSITIES—CONSTITUTIONAL LAW—PUBLIC EM-
PLOYER.

   A state university is a unique public employer because its powers,
   duties, and responsibilities are derived from the constitution
   as distinguished from other public employers whose authority
   is derived from enactments of the legislature.   (Const 1963,
   art 8, §§ 5, 6).

3. COLLEGES AND UNIVERSITIES—CONSTITUTIONAL LAW—POWER OF
LEGISLATURE.

   The governing bodies of state colleges and universities estab-
   lished by the constitution are independent of the legislature
   in educational matters and the expenditure of money, but
   are subject to the general laws of the state (Const 1963,
   art 8, §§ 5, 6).

4. COLLEGES AND UNIVERSITIES—PUBLIC EMPLOYERS—PUBLIC EM-
PLOYEES—EMPLOYEES' RIGHTS AND PRIVILEGES.

   Those rights and privileges which are granted to public employees
   by the act regulating labor relations between public employers
   and employees do not interfere with the constitutional grant

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 5, 7]  15 Am Jur 2d, Colleges and Universities § 14.
[3, 6]  15 Am Jur 2d, Colleges and Universities §§ 7, 14.

of general supervision given by the constitution to the Regents of the University of Michigan (Const 1963, art 8, § 5; MCLA §§ 423.201–423.216).

5. COLLEGES AND UNIVERSITIES—PUBLIC EMPLOYERS—PUBLIC EMPLOYEES—LABOR RELATIONS.

The act regulating labor relations between public employers and public employees requires the Regents of the University of Michigan to bargain collectively and in good faith with the representatives of their employees at reasonable times and places relative to wages, hours, and other terms and conditions of employment (MCLA §§ 423.210, 423.211).

6. CONSTITUTIONAL LAW—LABOR LAW—PUBLIC EMPLOYEES—LEGISLATIVE POWER.

The constitution makes it absolutely clear that the legislature has the authority to provide a method and a procedure to endeavor to settle disputes of public employees (Const 1963, art 4, § 48).

7. COLLEGES AND UNIVERSITIES—LABOR RELATIONS—COLLECTIVE BARGAINING.

The nonacademic employees of the Regents of the University of Michigan are public employees and they may organize and the Regents of the University of Michigan is a public employer obligated to bargain collectively with the employees, or their duly elected representatives on wages, hours, and conditions of employment.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 2 April 17, 1969, at Lansing. (Docket Nos. 5,559, 5,564.) Decided July 30, 1969.

Complaint by Regents of University of Michigan against the Labor Mediation Board for a declaratory judgment stating that the plaintiff is not a public employer within the meaning of PA 1947, No 336, as amended by PA 1965, No 379. The Board of Control of Central Michigan University intervenes as a plaintiff, and the Washtenaw County Building and Construction Trades Council, AFL-CIO, and the American Federation of State, County, and Municipal Employees, AFL-CIO, intervene as defendants.

Judgment for defendant. Plaintiff appeals. Affirmed.

*Butzel, Eaman, Long, Gust & Kennedy (William M. Saxton* and *Robert J. Batista,* of counsel), for plaintiff.

*Lynch, Gallagher, Lynch & Kerr,* for intervening plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky, Frances J. Carrier,* and *Gerald F. Young,* Assistant Attorneys General, for defendant.

*Prebenda & Prebenda,* and *Zwerdling, Miller, Klimist & Maurer,* for intervening defendants.

Before: McGregor, P. J., and R. B. Burns and Danhof, JJ.

Danhof, J.    The University of Michigan is an institution of higher education established by the constitution and by law, having authority to grant baccalaureate degrees. Plaintiff, Regents of the University of Michigan, is the constitutionally-designated body granted the authority to generally supervise and control the university. Defendant, Labor Mediation Board, is a state administrative agency created by PA 1939, No 176, as amended, (MCLA § 423.3 [Stat Ann 1968 Rev § 17.454(3)]). Plaintiff employs academic and nonacademic personnel. Defendants, Washtenaw County Building and Construction Trades Council, AFL-CIO, and American Federation of State, County and Municipal Employees, AFL-CIO, are labor organizations who filed a petition with defendant Labor Media-

tion Board for certification as the exclusive bargaining representative for certain nonacademic employees of the university. Defendant, Labor Mediation Board, held a hearing on the petition and plaintiff objected to defendant board's assuming jurisdiction of the matter on the basis that plaintiff was a constitutional body corporate, had exclusive control of the university and was, therefore, not subject to PA 1947, No 336, as amended by PA 1965, Nos 379 and 397.* Defendant board ruled that plaintiff was a public employer under the act and, therefore, subject to its jurisdiction.

Plaintiff thereafter filed a complaint seeking a declaratory judgment to the effect that the provisions of PA 1965, No 379 contravene the provisions of Const 1963, art 8, §§ 5 and 6. The trial court held that it did not, and that the plaintiff was subject to the provisions of the act. Plaintiff appeals. Plaintiff and defendant agree that the issue is whether PA 1947, No 336, as amended by PA 1965, No 379 is unconstitutional if it applies to the plaintiff.

As stated by the trial court this is not a question of whether collective bargaining is good or bad, but rather, only a desire on the part of the plaintiff to proceed in a legal manner.

PA 1965, No 379 granted to public employees certain benefits of collective bargaining and organization which they did not have before. In addition, it placed administrative duties upon the defendant labor mediation board.

The act in question was passed pursuant to the provisions of Const 1963, art 4, § 48 which provides:

"The legislature may enact laws providing for the resolution of disputes concerning public employees, except those in the state classified civil service."

* MCLA §§ 423.201–423.216 (Stat Ann 1968 Rev §§ 17.455[1]– 17.455[16]).

Plaintiff claims, however, that as applied to it the act contravenes a portion of Const 1963, art 8, § 5 which says:

"Each board shall have general supervision of its institution and the control and direction of all expenditures from the institution's funds."

The employees involved in this action are non-academic employees who have in fact organized under the provisions of PA 1947, No 336, as amended by PA 1965, Nos 379 and 397.

At the outset we must first determine whether the employees in question are "public employees" so as to be included within the provisions of the applicable statute, and in so doing we must determine whether the plaintiff is a "public employer." Black's Law Dictionary (4th ed) defines "public" as "pertaining to a state, nation, or whole community; proceeding from, relating to, or affecting the whole body of people or an entire community." Also, "Belonging to the people at large; relating to or affecting the whole people of a state, nation or community; not limited or restricted to any particular class of the community. *People* v. *Powell* (1937), 280 Mich 699 (111 ALR 721)."

In addition, Const 1963, art 8, § 5, provides:

"The regents of the University of Michigan and their successors in office shall constitute a body corporate known as the Regents of the University of Michigan;"

further,

"The board of each institution [of which the University of Michigan is one] shall consist of eight members who shall hold office for terms of eight years and who shall be elected as provided by law."

Thus, the plaintiff derives its being from a provision of the basic law of this state, the constitution, which was adopted by the people of this state in 1963. The election laws further provide that the regents shall be elected at the general election which is held in the fall of every even-numbered year. A further indication that the plaintiff is a public institution is found in Const 1963, art 8, § 4, which provides, "The legislature shall appropriate moneys to maintain the University of Michigan," and we recognize that the legislature does each year appropriate moneys to maintain the plaintiff. These moneys are tax moneys derived from general taxation on all of the people of this state, and the legislature is the only body that has the power to appropriate the public funds of this state. Further, the Supreme Court has recognized that the University is a state agency within the executive branch of state government and that the regents thereof are state officers. See *People for use of Regents of University of Michigan* v. *Brooks* (1923), 224 Mich 45; *Attorney General, ex rel Cook,* v. *Burhams* (1942), 304 Mich 108.

We conclude on the basis of the foregoing that the plaintiff is a public body corporate deriving its being from the people, and is supported by the people, and the regents, who are state officers, are elected by the people. Thus, the plaintiff is a public employer. Therefore, the employees in question are public employees within the provisions of Const 1963, art 4, § 48 and as defined in MCLA § 423.202 (Stat Ann 1968 Rev § 17.455[2]).

While recognizing that the plaintiff is a public employer and the employees in question are public employees, we also recognize that this plaintiff, because of the provisions of Const 1963, art 8, § 5, is a unique public employer. Its powers, duties and

responsibilities are derived from the constitution as distinguished from other public employers whose authority is derivative from enactments of the legislature. Thus, because of the grant of authority contained in Const 1963, art 8, § 6, giving the plaintiff general supervision of its institution and the control and direction of all expenditures from the institution's funds, we must further examine the provisions of PA 1965, No 379 as they apply to this plaintiff.

Over the years the Supreme Court has jealously guarded the authority granted to the plaintiff as it relates to educational matters and the expenditures of funds of the University of Michigan. See *Weinberg* v. *The Regents of University of Michigan* (1893), 97 Mich 246; *Sterling* v. *Regents of University of Michigan* (1896), 110 Mich 369; *People, ex rel. The Regents of the University* v. *The Auditor General* (1868), 17 Mich 161. This Court also recognized this independence in *Branum* v. *Board of Regents of the University of Michigan.* (1966), 5 Mich App 134. But it is also clear that the plaintiff is subject to the general laws of the state. In *Peters* v. *Michigan State College* (1948), 320 Mich 243, the Supreme Court held that the defendant, whose powers are not unlike those of the plaintiff here, was subject to the workmen's compensation laws of this state. There Justice REID, writing for affirmance said on p 250:

"We find that the workman's compensation act is a valid constitutional exercise of the power of the legislature even when it makes necessary the expenditure of agricultural college funds in the compensation of employees under the terms and within the provisions of the workman's compensation act.

"The act is approved as a piece of legislation aimed not at the defendant alone, nor against any

of the activities of the defendant of a nature peculiar to the defendant. The act is of a broad scope addressed to the subject of the liability of employers in broad fields of employment. The workman's compensation act does not undertake to change or disturb the educational activities of the defendant board."

In *Branum, supra,* this Court said:

"The University of Michigan is an independent branch of the government in the State of Michigan, but it is not an island."

Thus, we must proceed to examine the applicable provisions of PA 1965, No 379 to ascertain if it does interfere with the "general supervision" of the plaintiff.

The act first confers upon the employees of the plaintiff certain rights and privileges. These are the rights to join a labor organization, to engage in certain activities for the purpose of collective bargaining through representatives of their own choice, to have an election to ascertain the collective bargaining unit and the bargaining representatives and to have this election conducted by the defendant State Labor Mediation Board. All of the foregoing are rights given to the plaintiff's employees; and in none of these activities, either by the employees, or in the administration of the act conducted by the defendant board, do we find any interference with the general supervision of the university. Therefore, those rights and privileges which are granted to the employees by the provisions of PA 1965, No 379 do not interfere with the constitutional grant of general supervision to the plaintiff.

What then is the duty on the part of the plaintiff? Section 11 of the act being MCLA § 423.211 (Stat Ann 1968 Rev § 17.455[11]), and § 10 of the act

MCLA § 423.210 (Stat Ann 1968 Rev § 17.455[10]), require that the plaintiff bargain collectively with the representatives of the plaintiff's employees at reasonable times and places relative to wages, hours, and other terms and conditions of employment. However, § 15 of the act, MCLA § 423.215 (Stat Ann 1968 Rev § 17.455[15]), specifically provides:

"but such obligation does not compel either party to agree to a proposal or require the making of a concession."

Thus, then the obligation on the plaintiff is simply to bargain in good faith on the items mentioned in the statute. The provisions of this section do not, in our opinion, infringe upon the general supervision of the institution or in the control of its funds.

We recognize the proposition that a State constitution is a limitation of authority and not a grant of authority, and consequently the provisions of Const 1963, art 4, § 48 do not confer any greater authority on the legislature than it may have had, but certainly the provisions of this section cannot be ignored. The framers of the constitution and the people who adopted it have made it absolutely clear that the legislature does have the authority to provide a method and a procedure to endeavor to settle disputes of public employees. Plaintiff in its argument admitted the power of the legislature to enact such laws in this regard concerning it, but states that the provisions of this act are too broad in scope and hence violate the constitutional grant of authority given to it. But this is pure speculation on the part of the plaintiff. At this juncture we need only decide, and we do so only decide that the nonacademic employees of the plaintiff are

public employees and may organize under PA 1965, No 379, and that the plaintiff is a public employer and is obligated to bargain collectively with the plaintiff's employees, or their duly elected representatives on wages, hours, and conditions of employment. If in the enforcement of the other provisions of this act a conflict is created with what the plaintiff deems to be its constitutional authority, then that will be time enough to deal with any problems that may arise. The act provides for court review, and if past performance is any indication, we are confident that the plaintiff will jealously guard its prerogatives.

To conclude we decide (1) that the employees herein involved are public employees, (2) that the plaintiff is a public employer, (3) that insofar as it is stated herein the provisions of PA 1965, No 379 apply to the defendant employees and to the plaintiff employer, and (4) that PA 1965, No 379 is constitutional, being a valid exercise of the police power of the legislature.

What we have stated herein applies equally to the intervening plaintiff and its employees who are similar to the employees of the University of Michigan involved in this action.

Affirmed as modified by this opinion; no costs, a public question being involved.

All concurred.