FRATERNAL ORDER OF POLICE, IONIA COUNTY LODGE NO 157
v BENSINGER

Docket No. 55665. Submitted January 6, 1982, at Grand Rapids.—
   Decided January 19, 1983. Leave to appeal applied for.

   Roy P. Edson, an Ionia County deputy sheriff, was discharged by
   William Bensinger, the Ionia County sheriff. Pursuant to the
   collective-bargaining agreement between the Fraternal Order
   of Police, Ionia County Lodge No. 157, Ionia County Sheriff's
   Division (FOP) and William Bensinger and the Ionia County
   Board of Commissioners, Edson commenced a grievance pro-
   ceeding and the matter went to arbitration. The arbitrator
   concluded that Bensinger had failed to meet his burden of
   proving just cause for discharging Edson and ordered that
   Edson be reinstated with full back pay and benefits. Sheriff
   Bensinger declined to obey the order of the arbitrator and the
   FOP and Edson brought an action in Ionia Circuit Court to
   enforce the arbitrator's award. The court, Peter D. O'Connell,
   J., held that defendants were not required to reinstate Edson
   with law enforcement powers but otherwise ordered that Edson
   be reinstated with full back pay and benefits. Defendants
   appeal and plaintiffs cross appeal. *Held:*

   1. If defendants had no power to agree to arbitrate the issues
   in this case by virtue of the fact that the power and duties of
   the sheriff are prescribed by statute and the constitution, they
   would not have had the power to waive the right to object to
   the arbitrability of these questions by participating in the
   arbitration proceedings. Under the circumstances presented
   here there was no waiver by defendants of the right to object to
   the authority of the arbitrator to render the award to Edson.

   2. The public employment relations act (PERA) is the domi-

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations § 1797.
[2] 48A Am Jur 2d, Labor and Labor Relations § 1764.
[3] 70 Am Jur 2d, Sheriffs, Police, and Constables § 1.
[4] 70 Am Jur 2d, Sheriffs, Police, and Constables § 21.
[5] 48A Am Jur 2d, Labor and Labor Relations § 1770.
[6] 70 Am Jur 2d, Sheriffs, Police, and Constables § 26.
[7] 48A Am Jur 2d, Labor and Labor Relations § 1986.

nant law regulating public employment relations and was intended by the Legislature to prevail over conflicting statutes.

3. A prior precedential case of the Court of Appeals determined that law enforcement powers granted by the constitution to sheriffs may not be limited by a collective-bargaining agreement as authorized by PERA but, rather, remain vested exclusively in the sheriffs and, further, that an arbitrator exceeded his authority in ordering a sheriff to restore law enforcement powers to a deputy before the sheriff was prepared to do so. There is no convincing reason to disturb the delicate balancing of the constitutional roles of the sheriff and the Legislature as posited in that case.

4. The evidence underlying the arbitrator's decision will not be reviewed by the Court of Appeals to determine whether the arbitrator's award violated public policy. It is an arbitrator's award, rather than his findings of fact or conclusions of law, which must be contrary to public policy before a court will refuse to enforce it.

5. Plaintiffs' argument concerning the propriety of staying the circuit court's judgment pending appeal is rendered moot by this decision.

6. The circuit court correctly ordered that plaintiff Edson be reinstated with full back pay and benefits but without law enforcement power.

Affirmed.

1. LABOR RELATIONS — COLLECTIVE BARGAINING — ILLEGAL SUBJECTS OF BARGAINING.

  A provision of a collective-bargaining agreement which embodies an illegal subject of bargaining is unenforceable.

2. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT.

  The public employment relations act is the dominant law regulating public employment relations and was intended by the Legislature to prevail over conflicting statutes (MCL 423.201 *et seq.*; MSA 17.455[1] *et seq.*).

3. SHERIFFS AND CONSTABLES — CONSTITUTIONAL LAW.

  The office of county sheriff is a constitutional office with duties and powers provided by law (Const 1963, art 7, § 4).

4. LABOR RELATIONS — SHERIFFS AND CONSTABLES — POWERS — PUBLIC EMPLOYMENT RELATIONS ACT.

  A sheriff's power to hire, fire and discipline deputies is not absolute; his discretion in these areas is limited by the public

employment relations act (MCL 423.201 *et seq.;* MSA 17.455[1] *et seq.).*

5. LABOR RELATIONS — SHERIFFS AND CONSTABLES — DEPUTIES — COLLECTIVE BARGAINING — TERMS AND CONDITIONS OF EMPLOYMENT — CONSTITUTIONAL LAW.

The terms and conditions of employment of deputies by a sheriff are subject to collective bargaining and to any agreement resulting therefrom unless that bargaining or agreement infringes upon matters which are placed within the exclusive power of the sheriff by the constitution.

6. LABOR RELATIONS — SHERIFFS AND CONSTABLES — DEPUTIES — SHERIFF'S POWERS — SHERIFF'S JURISDICTION — LEGISLATURE — CONSTITUTIONAL LAW.

The Legislature may limit a sheriff's power to hire, fire and discipline deputies; however, the matter as to which of his deputies shall be delegated the powers of law enforcement is a matter entrusted to him by the constitution, is exclusively within his discretion, is inherent in the nature of his office and may neither be infringed upon by the Legislature nor delegated to a third party.

7. ARBITRATION — AWARD — PUBLIC POLICY — FINDINGS OF FACT — CONCLUSIONS OF LAW.

It is an arbitrator's award, rather than his findings of fact or conclusions of law, which must be contrary to public policy before a court will refuse to enforce the award.

*Hankins & Kluck, P.C.* (by *Michael R. Kluck* and *Kenneth P. Tableman),* for plaintiffs.

*Varnum, Riddering, Wierengo & Christenson* (by *Thomas J. Barnes* and *Joseph J. Vogan),* for defendants.

Before: R. B. BURNS, P.J., and D. F. WALSH and MACKENZIE, JJ.

MACKENZIE, J. Plaintiff Roy Phillip Edson, an Ionia County deputy sheriff, was discharged on March 13, 1980. Pursuant to the collective-bargaining agreement between plaintiff union and defendants, Edson commenced a grievance proceeding

and the matter went to arbitration. In an opinion and award dated August 19, 1980, the arbitrator cited a provision of the collective-bargaining agreement which required "just cause" for discipline or discharge of a deputy and concluded that the sheriff had failed to meet his burden of proving "just cause" for discharging Edson. The arbitrator ordered that Edson be reinstated with full back pay and benefits.

The sheriff declined to obey the arbitrator, and plaintiffs brought an action in circuit court to enforce the award. The circuit court held that defendants were not required to reinstate Edson with law enforcement powers but otherwise ordered that Edson be reinstated with full back pay and benefits. Defendants appeal by right, while plaintiffs cross appeal.

I

Plaintiffs argue that defendants waived the right to object to the authority of the arbitrator to render the award at issue here by failing to raise such an objection before the matter was submitted to arbitration. Plaintiffs rely on *American Motorists Ins Co v Llanes,* 396 Mich 113; 240 NW2d 203 (1976) *Detroit Demolition Corp v Burroughs Corp,* 45 Mich App 72; 205 NW2d 856 (1973), and Anno: *Participation in Arbitrataion Proceedings as Waiver of Objections to Arbitrability,* 33 ALR3d 1242. However, those authorities are distinguishable here because they involved disputes as to whether a particular question was arbitrable under an arbitration agreement or the arbitration clause of a contract while here defendants argue that they had no power to agree to arbitrate the questions presented to the arbitrator. For an example of a similar distinction, see *Arrow Overall*

*Supply Co v Peloquin Enterprises,* 414 Mich 95; 323 NW2d 1 (1982). In that case, the Court held that defendant had not waived a defense based on the absence of a valid agreement to arbitrate by failing to raise the question during arbitration. Defendant had not participated in the arbitration proceedings and plaintiff had not compelled defendant to participate pursuant to GCR 1963, 769.2.

Here, in contrast to the *Arrow Overall Supply Co* case, defendants participated in the arbitration proceedings. However, if, as defendants contend, they had no power to agree to arbitrate these questions, we cannot see how they had the power to waive the right to object to the arbitrability of these questions by participating in the proceedings. A provision of a collective-bargaining agreement which embodies an illegal subject of bargaining is unenforceable. *Detroit Police Officers Ass'n v Detroit,* 391 Mich 44, 54-55, fn 6; 214 NW2d 803 (1974). We would be circumventing this rule if we were to find a waiver under the circumstances presented here.

## II

MCL 51.70; MSA 5.863 provides in part:

"Each sheriff may appoint 1 or more deputy sheriffs at the sheriff's pleasure, and may revoke those appointments at any time. Persons may also be deputed by a sheriff, by an instrument in writing, to do particular acts, who shall be known as special deputies and each sheriff may revoke those appointments at any time."

MCL 423.215; MSA 17.455(15) provides:

"A public employer shall bargain collectively with the representatives of its employees as defined in sec-

tion 11 and is authorized to make and enter into collective bargaining agreements with such representatives. For the purposes of this section, to bargain collectively is the performance of the mutual obligation of the employer and the representative of the employees to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement, or any question arising thereunder, and the execution of a written contract, ordinance or resolution incorporating any agreement reached if requested by either party, but such obligation does not compel either party to agree to a proposal or require the making of a concession."

Defendants argue that the two statutes are in conflict and that MCL 51.70; MSA 5.863 ought to prevail as the more specific of the two. Alternatively, defendants argue that, while there is no positive repugnancy between the two statutes, each statute must be construed so as to give effect to both, and thus the sheriff's power to appoint deputies and revoke deputies' appointments is not a term or condition of employment about which the sheriff may collectively bargain. However, the Supreme Court has held on several occasions that the public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* is the dominant law regulating public employment relations and was intended by the Legislature to prevail over conflicting statutes. *Rockwell v Crestwood School Dist Bd of Ed,* 393 Mich 616, 629-630; 227 NW2d 736 (1975); *Central Michigan University Faculty Ass'n v Central Michigan University,* 404 Mich 268, 279-281; 273 NW2d 21 (1978); *Local 1383, International Ass'n of Firefighters, AFL-CIO v City of Warren,* 411 Mich 642, 655-662; 311 NW2d 702 (1981). Defendants rely on *Council No 23, Local 1905, American Federation of State,*

*County & Municipal Employees v Recorder's Court Judges,* 399 Mich 1; 248 NW2d 220 (1976). That case is not binding precedent since no majority agreed on a ground for decision. See, for example, *People v Anderson,* 389 Mich 155, 170; 205 NW2d 461 (1973), and the cases discussed therein. Moreover, in *Local 1383, supra,* 655, fn 4, the Court suggested that *Council No 23* reflects a special rule applicable only to the judiciary.

## III

In *Regents of University of Michigan v Employment Relations Comm,* 389 Mich 96, 108-109; 204 NW2d 218 (1973), the Court stated:

"We hold that interns, residents and post-doctoral fellows may be employees and have rights to organize under the provisions of PERA without infringing on the constitutional autonomy of the Board of Regents. However, as the Court of Appeals pointed out in *Regents of University of Michigan v Labor Mediation Board,* 18 Mich App 485, 490-491 [171 NW2d 477] (1969):

" 'While recognizing that the plaintiff is a public employer and the employees in question are public employees, we also recognize that this plaintiff, because of the provisions of Const 1963, art 8, § 5, is a unique public employer. Its powers, duties and responsibilities are derived from the constitution as distinguished from other public employers whose authority is derivative from enactments of the legislature.'

"Because of the unique nature of the University of Michigan, above referred to, the scope of bargaining by the Association may be limited if the subject matter falls clearly within the educational sphere. Some conditions of employment may not be subject to collective bargaining because those particular facets of employment would interfere with the autonomy of the Regents. For example, the Association clearly can bargain with the Regents on the salary that their members receive since it is not within the educational sphere.

While normally employees can bargain to discontinue a certain aspect of a particular job, the Association does not have the same latitude as other public employees. For example, interns could not negotiate working in the pathology department because they found such work distasteful. If the administrators of medical schools felt that a certain number of hours devoted to pathology was necessary to the education of the intern, our Court would not interfere since this does fall within the autonomy of the Regents under Article 8, § 5. Numerous other issues may arise which fall between these two extremes and they will have to be decided on a case by case basis."

See also *CMU Faculty Ass'n, supra,* pp 281-282.

In *Nat'l Union of Police Officers Local 502-M, AFL-CIO v Wayne County Bd of Comm'rs,* 93 Mich App 76; 286 NW2d 242 (1979), the Court considered whether a sheriff has a sphere of exclusive powers analogous to those discussed in the *U of M Regents* and *CMU Faculty* cases. The office of sheriff is a constitutional office; see Const 1963, art 7, § 4, which provides in part:

"There shall be elected for four-year terms in each organized county a sheriff * * * whose duties and powers shall be provided by law."

The foregoing provision seems to leave definition of the duties and powers of a sheriff for the Legislature; however, it has been held that the office of sheriff has a known legal character and that the Legislature may not vary the duties and powers of the sheriff in a way which changes the legal character of the office. *Allor v Wayne County Bd of Auditors,* 43 Mich 76, 102-103; 4 NW 492 (1880); *Brownstown Twp v Wayne County,* 68 Mich App 244; 242 NW2d 538 (1976). The theory behind these cases is that if the known legal character of

the office is altered, the official can no longer be characterized as a "sheriff".

The conclusion reached in *Nat'l Union of Police Officers, supra,* pp 89-90, was as follows:

"[W]e posit—with some trepidation—the following principles which we deem applicable to the case before us: First, the sheriff's power to hire, fire and discipline is not absolute. Rather, his discretion is limited by PERA. * * * Second, all terms and conditions of employment are subject to collective bargaining and to any agreement resulting therefrom, unless that bargaining or agreement infringes upon matters which are placed within the exclusive power of the sheriff by the constitution. * * * Third, although the sheriff's power to hire, fire and discipline may be limited by the Legislature, the matter of which of his deputies shall be delegated the powers of law enforcement entrusted to him by the constitution is a matter exclusively within his discretion and inherent in the nature of his office, and may neither be infringed upon by the Legislature nor delegated to a third party * * *.

"We therefore conclude that the legislative delegation of the executive police power to the sheriff may not be limited by a collective bargaining agreement as authorized by PERA, but remains vested exclusively in the sheriff. This being so, the arbitrator exceeded his authority under the contract in ordering the sheriff to restore plaintiff McKeon's law enforcement powers before the sheriff, in the exercise of his discretion, was prepared to do so." (Citations omitted.)

The circuit court here followed *Nat'l Union of Police Officers* by ordering that plaintiff Edson be reinstated with full back pay and benefits but holding that defendants were not required to reinstate Edson with law enforcement powers. None of the parties is satisfied with this result and each side attacks it from opposite directions. However, *Nat'l Union of Police Officers* represents a delicate

balancing of the constitutional roles of the sheriff and the Legislature and no convincing reason to disturb that balance has been presented here.

## IV

Defendants argue that the arbitrator's award was contrary to public policy and that the circuit court should therefore have declined to enforce it. In *Ferndale Education Ass'n v School Dist for City of Ferndale No 1,* 67 Mich App 637, 642-643; 242 NW2d 478 (1976), the Court explained the scope of judicial review of an arbitration award:

"In the *Steelworkers* trilogy *[United Steelworkers of America v American Mfg Co,* 363 US 564; 80 S Ct 1343; 4 L Ed 2d 1403 (1960); *United Steelworkers of America v Warrier & Gulf Nav Co,* 363 US 574; 80 S Ct 1347; 4 L Ed 2d 1409 (1960); *United Steelworkers of America v Enterprise Wheel & Car Corp,* 363 US 593; 80 S Ct 1358; 4 L Ed 2d 1424 (1960)], the United States Supreme Court held that the merits of either the grievance or the arbitration award are *irrelevant* when a Federal court is asked to enforce an arbitration agreement or award thereunder. Judicial review is limited to whether the award 'draws its essence' from the contract, whether the award was within the authority conferred upon the arbitrator by the collective bargaining agreement. Once substantive arbitrability is determined (as it was in the court below) judicial review effectively ceases. The fact that an arbitrator's interpretation of a contract is wrong is irrelevant.

"This position of limited review has been adopted by the Michigan Supreme Court. *Frazier v Ford Motor Co,* 364 Mich 648; 112 NW2d 80 (1961); *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers Ass'n,* 393 Mich 583; 227 NW2d 500 (1975). This Court follows the same policy. *Chippewa Valley Schools v Hill,* 62 Mich App 116; 233 NW2d 208 (1975).

"Naturally, there are certain exceptions to the rule of

judicial deference to the decisions of the arbitrator once arbitrability has been established. See *Frazier v Ford Motor Co, supra* (Judge *[sic]* Souris, *dissenting).* None of these situations exist in this case." (Footnote omitted.)

Here the arbitrator held that the sheriff had failed to meet his burden of proving "just cause" for discharging Edson. Defendants would have us review the evidence underlying the arbitrator's decision, draw our own conclusions of fact and of law from that evidence and only then consider whether the arbitrator's award violated public policy. In *Ferndale Education Ass'n, supra,* the Court noted that Justice Souris had cataloged exceptions to the rule of judicial deference to decisions of an arbitrator in his dissenting opinion in *Frazier v Ford Motor Co,* 364 Mich 648, 655-656; 112 NW2d 80 (1961). Justices Souris quoted Updegraff & McCoy, Arbitration of Labor Disputes (1946), p 126, in part as follows:

"Or if he requires a party to do or refrain from an act in violation of public policy, the award will not be enforced. For example, an award during World War II that required a company to pay double time for work on Sunday, in violation of Executive Order 9240, would have been unenforceable.

* * *

"But certain other grounds that would be sufficient in an appeal from a judgment would not be grounds for impeaching an award, for the reason that the contractual element is present in the award. Thus, the fact that the arbitrator made erroneous rulings during the hearing, or reached erroneous findings of fact from the evidence, is no ground for setting aside the award, because the parties have agreed that he should be the judge of the facts. Even his erroneous view of the law would be binding, for the parties have agreed to accept his view of the law." (Footnote omitted.)

The foregoing demonstrates that it is an arbitrator's award, rather than his findings of fact or conclusions of law, which must be contrary to public policy before a court will refuse to enforce it.

Our decision has rendered moot plaintiffs' argument concerning the propriety of staying the circuit court's judgment pending appeal. The circuit judge correctly ordered that plaintiff Edson be reinstated with full back pay and benefits but without law enforcement powers.

Affirmed.