AMERICAN FEDERATION OF STATE, COUNTY AND
MUNICIPAL EMPLOYEES, COUNCIL 25 v WAYNE COUNTY

Docket No. 290273. Submitted July 13, 2010, at Detroit. Decided October
26, 2010, at 9:00 a.m.

The American Federation of State, County and Municipal Employees, Council 25, and its affiliated locals 25, 101, 409, 1659, 1862, 2057, 2926, and 3317 brought an action in the Wayne Circuit Court against Wayne County, seeking, in part, an order to compel the arbitration of a dispute between the parties regarding retiree health benefits. The relevant collective-bargaining agreement (CBA) between the parties expired on July 31, 2008. The dispute did not arise until September 3, 2008, at the earliest. The arbitration provision of the CBA provided that it applied to differences that arose during the term of the agreement. Plaintiffs contended that the disputed health benefits were vested rights and, therefore, the right to arbitration provided in the CBA continued after the CBA expired. The court, Gershwin A. Drain, J., entered an order compelling arbitration of the dispute. Defendant appealed by leave granted.

The Court of Appeals *held*:

1. The plain language of the CBA provided that the dispute was not arbitrable because it arose after the expiration of the CBA and not during the agreement's term.

2. Although the Supreme Court has held that the right to grievance arbitration survives the expiration of a CBA when the dispute concerns the kinds of rights that could accrue or vest during the term of the CBA, this rule does not negate explicit language in a CBA that contravenes the rule of postexpiration arbitrability. The CBA here explicitly provided that the right to arbitration under the CBA was extinguished when the CBA expired.

3. There is a presumption of arbitrability when a CBA contains an arbitration clause. Therefore, an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of the coverage. The arbitration clause in this

case was not susceptible of an interpretation that covers this dispute because it limited the grievance procedure to differences arising during the term of the CBA and it was undisputed here that the differences did not arise during that term. Defendant thus rebutted the presumption of arbitrability. The trial court erred by ordering arbitration.

Reversed and remanded.

1. LABOR RELATIONS — ARBITRATION — COLLECTIVE-BARGAINING AGREEMENTS — EXPIRED AGREEMENTS.

The right to grievance arbitration survives the expiration of a collective-bargaining agreement that provides the right to arbitration when the dispute concerns the kinds of rights that could accrue or vest during the term of the agreement; this rule, however, does not negate explicit language in a collective-bargaining agreement that contravenes the rule, and parties may explicitly agree that accrued and vested rights and the right to arbitrate concerning them are extinguished when their collective-bargaining agreement expires.

2. LABOR RELATIONS — ARBITRATION — COLLECTIVE-BARGAINING AGREEMENTS — PRESUMPTION OF ARBITRABILITY.

There is a presumption of arbitrability when a collective-bargaining agreement contains an arbitration clause; an order to arbitrate a particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers an asserted dispute; doubts should be resolved in favor of coverage.

*Miller Cohen, P.L.C.* (by *Bruce A. Miller* and *Robert D. Fetter*), for plaintiffs.

*William M. Wolfson*, Interim Corporation Counsel, *Bruce A. Campbell*, Assistant Corporation Counsel, and *W. Steven Pearson*, Principal Attorney, for defendant.

Before: SHAPIRO, P.J., and SAAD and SERVITTO, JJ.

SAAD, J. Defendant appeals by leave granted a circuit court order that compelled arbitration of this dispute over retiree health benefits. For the reasons set forth

below, we reverse and remand for further proceedings.[1]

Defendant argues that it is not required to arbitrate this dispute because the contract in question provides for arbitration only of those claims that arose during the term of the parties' collective-bargaining agreement (CBA).[2] There exists "a strong presumption in favor of using negotiated grievance procedures for resolving disputes over the interpretation or application of a collective bargaining agreement." *AFSCME v Highland Park Bd of Ed*, 457 Mich 74, 84; 577 NW2d 79 (1998). Notwithstanding this presumption, no duty to arbitrate a labor dispute arises solely by operation of law. *Litton Fin Printing Div v NLRB*, 501 US 190, 200; 111 S Ct 2215; 115 L Ed 2d 177 (1991). "The duty to arbitrate grievances arises from [the] contractual agreement between an employer and its employees. Absent such an agreement, neither party is obliged to submit to binding arbitration." *Ottawa Co v Jaklinski*, 423 Mich 1, 22; 377 NW2d 668 (1985) (opinion by WILLIAMS, C.J.).[3]

Though, contrary to defendant's arguments, the plain language of article 10.03 of the CBA does not

---

[1] The trial court's order also denied plaintiffs' motion for a preliminary injunction, but no party has appealed that ruling.

[2] We review de novo a trial court's determination whether an issue is subject to arbitration. *Rooyakker & Sitz, PLLC v Plante & Moran, PLLC*, 276 Mich App 146, 152; 742 NW2d 409 (2007). We also review de novo as a question of law issues involving contract interpretation. *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006).

[3] When interpreting a contract, we examine the contractual language to determine the intent of the parties. *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003). This Court must examine the language of the contract and accord the words their ordinary and plain meanings if such meanings are apparent. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003). If the language is unambiguous, courts must interpret and enforce the contract as written. *Quality Prod*, 469 Mich at 375. "[A]n unambiguous contractual provision is reflective of the parties' intent as a matter of law." *Id.*

preclude arbitration in this case, arbitration *is* plainly precluded under article 10.01, which provides: "In the event differences should arise between the Employer and the Union *during the term of this Agreement* as to the interpretation and application of any of its provisions, the parties shall act in good faith to promptly resolve such differences in accordance with the following procedures . . . ." (Emphasis added.) The dispute at issue is a "difference" that arose between plaintiffs and defendant regarding the interpretation and application of article 30.11(B) of the CBA, which allows eligible employees retiring after December 1, 1997, to select a medical-benefit plan from available plans offered during open enrollment. Thus, if the dispute had arisen "during the term of [the] Agreement," article 10.01 would seemingly require that the parties employ the grievance procedure of the CBA, including arbitration. However, because the dispute arose after the agreement expired, plaintiffs are not entitled to arbitration.

It is undisputed that the 2000-2004 CBA expired on July 31, 2008, when a successor agreement was executed. It is also undisputed that the "difference" involved in this case did not arise until September 3, 2008, at the earliest, when defendant notified retirees of the modifications to their prescription-drug benefits scheduled to take effect on October 1, 2008. Thus, the dispute arose after the expiration of the 2000-2004 CBA and not "during the term of [the] Agreement . . . ." Accordingly, under the plain language of article 10.01, the dispute is not arbitrable.

Plaintiffs argue that because the retirees' health benefits are "vested" rights, the right to arbitration continued after the expiration of the 2000-2004 CBA. In *Jaklinski*, 423 Mich at 22 (opinion by WILLIAMS, C.J.), our Supreme Court held that "the right to grievance

arbitration survives the expiration of the collective bargaining agreement when the dispute concerns the kinds of rights which could accrue or vest during the term of the contract."[4] The Court noted, however, that this rule does not negate explicit language in a CBA that contravenes the rule of postexpiration arbitrability. *Id.* at 24-25. The Court stated:

> Nothing stated here should be interpreted to mean that the parties to a collective bargaining agreement cannot explicitly agree to terms which depart from any rule announced here. They may agree to their own definition of "accrued" or "vested" rights. They may explicitly agree to extend beyond contract expiration any substantive or procedural rights. They may explicitly agree that accrued and vested rights and the right to arbitrate concerning them also extinguish at contract termination. [*Id.*]

As already discussed, the language of article 10.01 reflects the parties' agreement that the right to arbitration under the CBA was extinguished when the CBA expired.

This Court analyzed a similar arbitration provision in *Highland Park v Mich Law Enforcement Union, Teamsters Local No 129*, 148 Mich App 821, 823; 385 NW2d 701 (1986), which involved a CBA between the city of Highland Park and a union representing patrolmen and corporals in the city's police department. The CBA expired on June 30, 1982. Thereafter, six command officers unexpectedly retired and, on August 6, 1982, the mayor appointed six people to fill the vacancies. The union contended that the appointments failed to comply with the CBA and ultimately demanded arbitration. The city asserted that the dispute was not arbitrable. *Id.*

---

[4] See also *Litton*, 501 US at 205-206 (recognizing that there exists a presumption of arbitrability when an action taken after the expiration of a CBA infringes on a right that accrued or vested under the CBA).

This Court acknowledged that the right to arbitration may survive the expiration of a CBA when the dispute involves accrued or vested rights. *Highland Park*, 148 Mich App at 825. However, this Court ruled that the specific language in the CBA did not provide for arbitration when the grievance did not arise during the term of the agreement. The arbitration clause provided as follows: " 'It is mutually agreed that all grievances, *arising under and during* the life of the Agreement, shall be settled in accordance with the procedure herein provided.' " *Id.* This Court noted that the grievances at issue were based on events that occurred after the expiration of the CBA and held that "[a]lthough the grievances would have been arbitrable had they arisen *during* the life of the agreement, under the terms of the agreement they are not arbitrable after expiration." *Id.* The language of the CBA in *Highland Park* is similar to the language in the CBA before us.[5]

Plaintiffs correctly argue that there is a presumption of arbitrability when a CBA contains an arbitration clause. See *Cleveland Electric Illuminating Co v Utility Workers Union of America, Local 270*, 440 F3d 809, 814 (CA 6, 2006). "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is

[5] We further note that the language here is different from that at issue in *Litton*, 501 US at 205, which the Court characterized as an "unlimited arbitration clause . . . ." The clause in *Litton* provided: " 'Differences that may arise between the parties hereto regarding this Agreement and any alleged violations of the Agreement, the construction to be placed on any clause or clauses of the Agreement shall be determined by arbitration in the manner hereinafter set forth.' " *Id.* at 194. Notably absent is any language limiting the right of arbitration to the duration of the agreement. Thus, the Court held that any dispute arising under the agreement was subject to arbitration even after the expiration of the agreement. *Id.* at 205. Again, the CBA at issue here does not contain language similar to that in *Litton*.

not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of America v Warrior & Gulf Navigation Co*, 363 US 574, 582-583; 80 S Ct 1347; 4 L Ed 2d 1409 (1960). Because the arbitration clause here limited the grievance procedure to differences arising "during the term of [the] Agreement," and it is undisputed that the differences at issue in this case did not arise during the term of the 2000-2004 CBA, the clause is not susceptible of an interpretation that covers this dispute. Thus, defendant has rebutted the presumption of arbitrability.

To summarize, because the dispute in this case arose after the expiration of the 2000-2004 CBA, and the contractual language limits the right of arbitration to disputes arising "during the term of [the] Agreement," the dispute is not arbitrable and the trial court erred by ordering arbitration.

Because plaintiffs filed this action simply to enforce the arbitration provision of the CBA, and because we hold that this dispute is not arbitrable, we need not decide defendant's argument that plaintiffs lack standing to bring claims on behalf of retirees. Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.