# STATE OF MICHIGAN

# COURT OF APPEALS

COUNTY OF BERRIEN and BERRIEN COUNTY SHERIFF,

Plaintiffs/Counter-Defendants-Appellees,

v

POLICE OFFICERS LABOR COUNCIL,

Defendant/Counter-Plaintiff-Appellant.

UNPUBLISHED
November 15, 2016

No. 328794
Berrien Circuit Court
LC No. 14-000319-CZ

Before: SAWYER, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Police Officers Labor Council, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) to plaintiffs, County of Berrien and Berrien County Sheriff, and vacating the arbitration award, which required plaintiffs to immediately place Deputy James Ellis in a road patrol position. We affirm.

In 2001, plaintiffs hired Ellis and assigned him to the road patrol division. In 2011, Ellis was reassigned to the jail division. In November 2013, plaintiffs posted openings for two positions in the road patrol division. Ellis, who was then 57 years old, applied for the positions. He was not hired for either one. The positions were given to men who were 34 and 26 years old.

Ellis brought a grievance, in which he alleged that plaintiffs violated the nondiscrimination clause of the collective bargaining agreement (CBA). When the grievance was not resolved to Ellis's satisfaction, defendant requested arbitration. The arbitrator found that plaintiffs had discriminated against Ellis based on his age, in violation of the nondiscrimination clause, and ordered that plaintiffs immediately place Ellis in a road patrol position.

Plaintiffs filed a complaint, requesting vacation of the arbitration award, while defendant filed a complaint, seeking confirmation of the award. The parties made competing motions for summary disposition. The trial court held that Ellis's claim of age discrimination was not arbitrable. It also held that plaintiffs' position that the award had to be vacated was supported by *Nat'l Union of Police Officers Local 502-M, AFL-CIO v Wayne Co Bd of Comm'rs*, 93 Mich

-1-

App 76; 286 NW2d 242 (1979). The trial court granted summary disposition to plaintiffs and vacated the arbitration award.

On appeal, defendant argues that the trial court erred in holding that Ellis's claim of age discrimination was not arbitrable. We review de novo a trial court's decision on a motion for summary disposition. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). Summary disposition is proper under MCR 2.116(C)(10) if, "[e]xcept as to damages, there is no genuine issue of material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." We also review de novo a trial court's determination that a matter is subject to arbitration. *American Federation of State, Co, & Muni Employees, Council 25 v Wayne Co*, 290 Mich App 348, 350 n 2; 810 NW2d 348 (2010). Furthermore, a trial court's decision to enforce, vacate, or modify an arbitration award is reviewed de novo. *Ann Arbor v American Federation of State, Co, & Muni Employees (AFSCME) Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009).

Judicial review of an arbitration award is very limited. *Port Huron Area Sch Dist v Port Huron Ed Ass'n*, 426 Mich 143, 150; 393 NW2d 811 (1986). A court may not review an arbitrator's factual findings or decision on the merits. *Id.*; *Ann Arbor*, 284 Mich App at 144. A court may review whether the arbitrator acted within the scope of his or her contractual authority. *36th Dist Court v Mich American Federation of State, Co & Muni Employees Council 25, Local 917*, 295 Mich App 502, 509; 815 NW2d 494 (2012), rev'd in part on other grounds 493 Mich 879 (2012). "If, in granting the award, the arbitrator did not disregard the terms of his or her employment and the scope of his or her authority as expressly circumscribed in the contract, judicial review effectively ceases." *Ann Arbor*, 284 Mich App at 144. Pursuant to MCR 3.602(J)(2)(c), a trial court shall vacate an arbitration award if "the arbitrator exceeded his or her powers."

A trial court must decide the initial question of arbitrability. *36th Dist Court*, 295 Mich App at 520. The standard for determining arbitrability was set forth in *Kaleva-Norman-Dickson Sch Dist No 6, Cos of Manistee, Lake & Mason v Kaleva-Norman-Dickson Sch Teachers' Ass'n*, 393 Mich 583, 592; 227 NW2d 500 (1975) (*KND Sch Dist*), where the Supreme Court quoted *United Steelworkers of America v Warrior & Gulf Navigation Co*, 363 US 574, 584-585; 80 S Ct 1347; 4 L Ed 2d 1409 (1960):

> "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the *arbitration clause* is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." (Emphasis supplied.) Absent an "*express provision* excluding [a] particular grievance from arbitration" or the "most forceful evidence of a purpose to exclude the claim", (emphasis supplied) the matter should go to arbitration[.]

Under the CBA, only grievances that were subject to and went through a three-step grievance procedure were subject to arbitration. The CBA provided that "[a]ll grievances shall be processed in accordance with the three-step procedure" and that, within 20 days of plaintiffs' answer in step three, defendant "may request arbitration on a grievance which is arbitrable." The CBA did not provide any other method for requesting or obtaining arbitration.

-2-

The CBA defined a grievance as "a claim of a violation of a provision or of provisions of this Agreement." One provision of the CBA was the nondiscrimination clause, where plaintiffs and defendant "agree[d] that there shall be no discrimination according to applicable state law, federal law or regulation." Applicable state and federal law—the Civil Rights Act, MCL 37.2101 *et seq.*, and the Age Discrimination in Employment Act, 29 USC 621 *et seq.*, respectively—prohibit age discrimination in employment. See MCL 37.2202(1)(a); 29 USC 623(a). Accordingly, Ellis's claim that he was discriminated against because of his age when plaintiffs filled two positions in the road patrol division with younger employees was a "grievance." It alleged a violation of a provision—the nondiscrimination clause—of the CBA.

However, the CBA contained a provision that excluded four matters from the grievance procedure, including "all other actions which are exclusively reserved to management under Article 4." Article 4 provided, in pertinent part:

> It is hereby agreed that the customary and usual rights, powers, functions and authority of management are vested in the Sheriff of Berrien County and the Berrien County Board of Commissioners. These rights include but are not limited to those provided by statutes or law, along with the right to direct, hire, promote, transfer, and assign employees . . . . It is expressly understood that the Sheriff of Berrien County and the County Board of Commissioners . . . hereby retain and reserve all their inherent and customary rights. The Employer agrees that it will not exercise these rights in violation of any specific provision of the Agreement.

The trial court held that the right to transfer and assign employees was a matter exclusively reserved to management under Article 4. Defendant does not challenge this holding on appeal.

Rather, defendant argues that Ellis's age discrimination claim was arbitrable because plaintiffs had agreed in Article 4 that they would not exercise their management rights "in violation of any specific provision" in the CBA. A specific provision of the CBA was the nondiscrimination clause. Thus, plaintiffs agreed in the CBA not to exercise their management right to transfer and assign employees in violation of the nondiscrimination clause. However, this agreement by plaintiffs does not render Ellis's claim arbitrable. A claim should not go to arbitration if there is an express provision excluding the matter from arbitration. *KND Sch Dist*, 393 Mich at 592. Although plaintiffs agreed that they would not exercise the management right to transfer and assign employees in violation of the nondiscrimination clause, the parties also agreed that matters which were exclusively reserved to management under Article 4 were not subject to the grievance procedure. Because the CBA expressly provided that matters exclusively reserved to management under Article 4 were excluded from the grievance procedure, and because defendant does not dispute that the right to transfer and assign employees was a matter exclusively reserved to management, the trial court did not err in holding that Ellis's claim of age discrimination, which was based on a failure to transfer, was not arbitrable. *Id.*; see also *36th Dist Court*, 295 Mich App at 518 (stating that "arbitration is a matter of

contract and that no party can be forced to arbitrate when they did not agree to do so").[1]  Because Ellis's claim was not arbitrable, the trial court did not err in granting summary disposition to plaintiffs and vacating the arbitration award.  See MCR 3.602(J)(2)(c).

Even if Ellis's age discrimination claim was arbitrable, we would affirm the trial court's order on the basis that the arbitrator did not have authority to order plaintiffs to place Ellis in a road patrol position, where he would have law enforcement powers.  The office of sheriff is a constitutional office.  *Brownstown Twp v Wayne Co*, 68 Mich App 244, 247; 242 NW2d 538 (1976); see also Const 1963, art 7, § 4 ("There shall be elected four-year terms in each organized county a sheriff . . . whose duties and powers shall be provided by law.").  A "sheriff may appoint 1 or more deputy sheriffs at the sheriff's pleasure, and may revoke those appointments at any time."  MCL 51.70.  In *Nat'l Union of Police Officers*, 93 Mich App at 89-90, this Court held that the power to delegate the law enforcement powers entrusted to a sheriff by the constitution is vested exclusively in the sheriff, and may not be bargained away in a collective bargaining agreement or interfered with by any agency or individual.  See also *Monroe Co Sheriff v Fraternal Order of Police, Lodge 113*, 136 Mich App 709, 720; 357 NW2d 744 (1984); *Fraternal Order of Police, Ionia Co Lodge No 157 v Bensinger*, 122 Mich App 437, 445-446; 333 NW2d 73 (1983).

Because it was decided in 1979, *Nat'l Union of Police Officers* is not binding on this Court.  See MCR 7.215(J)(1); *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2013).  Defendant argues that we should decline to follow *Nat'l Union of Police Officers* because it failed to recognize that the public employment relations act (PERA), MCL 423.201 *et seq.*, is constitutionally based.  Under the Michigan Constitution, "[t]he legislature may enact laws providing for the resolution of disputes concerning public employees . . . ."  Const 1963, art 4, § 48.  In 1965, "[a]cting pursuant to this explicit constitutional authorization," the Legislature enacted PERA.  *Local 1383, Int'l Ass'n of Fire Fighters v City of Warren*, 411 Mich 642, 651; 311 NW2d 702 (1981).  PERA, which provides public employees "the right to form and join labor organizations and to negotiate in good faith with public employers regarding wages, hours, and other terms and conditions of employment," is the "dominant law" regarding public employee labor relations, *Local 1383, Int'l Ass'n of Fire Fighters*, 411 Mich at 651, 668 (quotation marks omitted); *Rockwell v Crestwood Sch Dist Bd of Ed*, 393 Mich 616, 629; 227 NW2d 736 (1975).  It prevails over conflicting legislation, charters, and ordinances in the face of contentions by public employers that other laws or the Constitution carve out exceptions to it.  *Local 1383, Int'l Ass'n of Fire Fighters*, 411 Mich at 655.

In *Nat'l Union of Police Officers*, this Court did not explicitly recognize that PERA was constitutionally based.  But it recognized the importance of PERA's constitutional basis; it specifically stated that "PERA controls conflicting statutory provisions."  *Nat'l Union of Police Officers*, 93 Mich App at 85.  This Court went on to explain that the Michigan Supreme Court

---

[1] Because of this conclusion, we need not address plaintiffs' argument that Ellis's claim of age discrimination was not arbitrable because the parties had not agreed to arbitrate alleged violations of civil rights statutes.

has recognized the exclusive powers doctrine, which establishes that there are matters within the exclusive discretion of a public employer and are outside the category of mandatory collective bargaining subjects. *Id.* at 86-88. It held that, although a sheriff's power to hire, fire, and discipline deputy sheriffs may be limited by the Legislature, the matter of which of his deputies are to be delegated with law enforcement powers, which were entrusted to the sheriff by the constitution, was a matter exclusively within the sheriff's discretion and could not be infringed upon by the Legislature or a third party. *Id.* at 89.

We choose to follow *Nat'l Union of Police Officers*. Defendant's argument regarding why *Nat'l Union of Police Officers* is not good law is without merit because, although this Court did not explicitly recognize that PERA is constitutionally based, it recognized the importance of PERA's constitutional basis. Additionally, defendant makes no argument regarding this Court's analysis or conclusion regarding the exclusive powers doctrine. Accordingly, defendant has not presented us with any meritorious argument regarding why *Nat'l Union of Police Officers* is not good law. Because a sheriff's delegation of law enforcement powers may not be bargained away or interfered with by a third party, the arbitrator exceeded his authority under the CBA when he ordered the immediate transfer of Ellis to a road patrol position, where he would receive law enforcement powers. *Nat'l Union of Police Officers*, 93 Mich App at 89-90.

Affirmed.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Colleen A. O'Brien