# APRIL TERM, 1900.

---

### ELLIS *v.* COMMON COUNCIL OF GRAND RAPIDS.

MUNICIPAL CORPORATIONS — EMPLOYMENT OF VETERANS — PENAL STATUTES — CONSTRUCTION.

Act No. 205, Pub. Acts 1897, providing, by section 1, that honorably-discharged Union soldiers and sailors of the Rebellion shall be preferred for appointment and employment "in all public departments of municipal corporations, and upon the public works of the State;" declaring, by section 2, that no veteran holding an office or employment in the "public works" of any city or town shall be removed, suspended, or transferred without his consent, except after full hearing; and imposing a penalty, by section 3, for violation of the provisions of the act,—is penal in character, and must be strictly construed. Hence the provisions of section 2, being expressly limited to offices or employment in the public works of any city or town, cannot be extended to include public departments.

*Certiorari* to Kent; Adsit, J. Submitted January 3, 1900. Decided April 3, 1900.

*Mandamus* by Hiram R. Ellis to compel the common council of the city of Grand Rapids, and Lant K. Salsbury, city attorney, to audit and allow a claim for services, and to revoke an order removing relator from office. From an order granting the writ. respondents bring *certiorari*. Reversed.

Act No. 205 of the Public Acts of 1897 reads as follows:

"SECTION 1. In every public department and all public departments in all municipal corporations, and upon the public works of the State of Michigan, honorably-dis-

charged Union soldiers, sailors, and marines of the late Rebellion shall be preferred for appointment and employment; age, loss of limb, or other physical impairment which does not, in fact, incapacitate, shall not be deemed to disqualify them: *Provided, however,* that the applicant shall have been a resident of the State for at least five years, and of the county in which the office or position is located for at least two years, and possesses other requisite qualifications.

"SEC. 2. No veteran holding an office or employment in the public works of any city or town of the State shall be removed or suspended, or shall, without his consent, be transferred, from such office or employment, except after a full hearing before the mayor of such city or before the common council of such town, and at such hearing the veteran shall have the right to be present and to be represented by counsel. Such removal, suspension, or transfer shall be made only upon a written order of the mayor or of the common council.

"SEC. 3. Any violation of the provisions of this act shall be deemed a misdemeanor, and, upon conviction in any court of competent jurisdiction, shall be punishable by a fine of not less than fifty ($50) dollars, and not more than one hundred ($100) dollars."

The charter of the city of Grand Rapids provides (Act No. 374, Local Acts 1897, tit. 4, § 23) that the city attorney "may appoint an assistant city attorney, and also such clerical assistance as may from time to time be necessary. Such assistant city attorney and such clerical assistants may be removed by him at will." Relator had been clerk under previous administrations in the city attorney's office. Mr. Salsbury was appointed city attorney May 1, 1899, removed the relator, and appointed another clerk in his stead. Relator presented a bill to the common council for services after his removal, which the council declined to pay. He then applied to the circuit court for the county of Kent for the writ of *mandamus* to compel the council to audit and allow his claim. That court issued the writ. The case is now before us on *certiorari* to review the judgment of that court.

*William Alden Smith* (*Cutcheon & Swarthout,* of counsel), for relator.

*Lant K. Salsbury,* City Attorney, for respondents.

GRANT, J. (*after stating the facts*). The first section of the act (No. 205, Pub. Acts 1897) gives preference for appointment and employment to honorably-discharged Union soldiers, sailors, and marines of the late Rebellion, in "all public departments of municipal corporations, and upon the public works of the State." The second section provides that no such veteran "holding an office or employment in the public works of any city or town shall be removed," etc. The learned counsel for relator insist that the term "public works," in section 2, includes public departments. We cannot concur in this view. A "public department" is defined as "a division of official duties or functions; a branch of government; a distinct part of a governmental organization: as, the legislative, executive, and judicial departments; the department of state, of the treasury, etc." The term "public works" is defined as "all fixed works constructed for public use, as railways, docks, canals, waterworks, roads, etc." Cent. Dict. The statute recognizes the distinction. Similar statutes in other States also use the two terms. It seems clear that the legislature did not understand that "public works" meant the same as "public departments." The provisions of this act are penal in their character, and must be strictly construed. Section 2 of the act alone is before us for construction. Its language is expressly limited to "office or employment in the public works of any city or town." Courts are not at liberty to extend this penal statute so as to include public departments. This would amount to judicial legislation, rather than interpretation. This disposal of the case renders it unnecessary to discuss the other questions raised.

Judgment reversed. No costs will be allowed.

The other Justices concurred.