ABT *v.* WILCOX.

1. OFFICERS—VETERANS' PREFERENCE ACT—CONSTRUCTION.
    Veterans' preference act (Act No. 67, Pub. Acts 1931, amending 1 Comp. Laws 1929, § 901), giving preference to war veterans in public employment, should be liberally construed.

2. SHERIFFS AND CONSTABLES—RIGHT OF DEPUTY SHERIFF TO HOLD OVER—VETERANS' PREFERENCE ACT.
    War veteran, appointed to office of deputy sheriff, is not entitled, under veterans' preference act, to retain office after term of sheriff who appointed him has expired.

Appeal from Wayne; Merriam (DeWitt H.), Miller (Guy A.), and Ferguson (Homer), JJ. Submitted June 6, 1933. (Calendar No. 37,231.) Decided June 29, 1933. Rehearing denied October 19, 1933.

Mandamus by Peter J. Abt against Thomas C. Wilcox and County of Wayne to compel reinstate-

ment of plaintiff in office of deputy sheriff. Writ denied. Plaintiff appeals. Affirmed.

*LeRoy J. Abt,* for plaintiff.

*George A. Lumsden,* for defendant Wilcox.

*Oscar A. Kaufman,* for defendant county.

SHARPE, J. The question here presented is whether a duly appointed deputy sheriff in the county of Wayne, who is a veteran of the World War, is entitled, under what is known as the veterans' preference act (Act No. 67, Pub. Acts 1931 [amending 1 Comp. Laws 1929, § 901]), to hold the office after the term of the sheriff who appointed him has expired. The trial court held that he was not, and from the order denying a writ of mandamus to reinstate him in such office the plaintiff has taken this appeal.

Section 2 of said Act No. 67 provides that no veteran—

"holding an office or employment in any public department or public works of the State or any county, * * * shall be removed or suspended * * * except for official misconduct, habitual, serious, or wilful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency,"—

and that such removal, transfer, or suspension shall not be had except after a hearing provided for therein.

Our State Constitution provides for the election biennially of a sheriff in each organized county, and that "the county shall never be responsible for his acts." Article 8, §§ 3, 5. 1 Comp. Laws 1929, § 1323, provides that "the sheriff of each organized

county shall be elected at the general election, for the term of two years." Section 1325 authorizes him to appoint one or more deputies. "for whose official acts he shall be in all respects responsible."

"The veterans' preference act was passed for a commendable purpose" (*Smith* v. *Flint City Commission,* 258 Mich. 698, 700), and should be liberally construed.

"Appointees and employees coming within the provisions of this statute have a right to remain in office or public employment until removed in the course prescribed by law." WIEST, J., in *Koeper* v. *Detroit Street Railway Commission,* 222 Mich. 464, 483.

If we concede, as urged by plaintiff's counsel, that the office of sheriff is a "public department" of the county (*Ellis* v. *Common Council of Grand Rapids,* 123 Mich. 567), and that a deputy sheriff could not be removed or suspended without cause by the sheriff during his term of office, it does not follow that the appointment does not terminate on the expiration of the term to which the sheriff has been elected.

In *Bostatter* v. *Hinchman,* 243 Mich. 589, it was said that a deputy sheriff acts in the place and stead of the sheriff. "He is a public officer only because of his appointment by the sheriff" (p. 593).

In *Lamoreaux* v. *Attorney General,* 89 Mich. 146, 149, it was said:

"Bishop's authority to hold the office of sheriff expired at midnight of December 31, 1890, by constitutional limitation, and all his deputies and the undersheriff went out of office with him."

This holding was cited with approval in *Smith* v. *Wagner,* 234 Mich. 428, 429.

A sheriff gives bond for the faithful performance of the duties of his undersheriff and deputies. Liability upon this bond would certainly terminate at the expiration of his term of office except as to a default committed prior thereto. The bond to be given by the newly-elected sheriff could not be held to protect against the default of a deputy whom he had not appointed.

In our opinion, plaintiff's term of office expired on December 31, 1932, with that of the sheriff who appointed him, and the order denying the writ of mandamus to reinstate him is affirmed. As a public question is involved, no costs will be allowed.

McDonald, C. J., and Clark, Potter, North, Fead, Wiest and Butzel, JJ., concurred.