*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FRANCIS ROMEO,

        Plaintiff-Appellant,

v

WILLIAM PRITULA EXCAVATING,

        Defendant-Appellee,

and

WILLIAM PRITULA,

        Defendant.

UNPUBLISHED
December 14, 2023

No. 366327
Wayne Circuit Court
LC No. 22-003331-CZ

Before: LETICA, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

Plaintiff, Francis Romeo, appeals as of right the order granting summary disposition in favor of defendants, William Pritula Excavating and William Pritula,[1] under MCR 2.116(C)(7) (statute of limitations). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case involves alleged[2] "[c]lean up and debris removal" by Pritula Excavating at plaintiff's former home in Romulus, Michigan. In 2015, the City of Romulus ("the City") contracted with Pritula Excavating to clean up and remove debris from the home. On November

---

[1] Although summary disposition was granted in favor of both defendants, only defendant William Pritula Excavating is a named appellee in this case. For clarity we refer to defendants collectively as "defendants." Defendant-appellee, William Pritula Excavating, is called "Pritula Excavating."

[2] Plaintiff argued below that this work was never completed. Whether the work was actually completed is not directly relevant to resolution of this appeal. Rather, the issue on appeal is the date the claim arose and whether the statute of limitations expired on the basis of this date.

12, 2015, Pritula sent the City an invoice for the work at plaintiff's home. The City, in turn, added these costs to plaintiff's property tax bill, which he received in September 2016. Plaintiff apparently never paid these assessed costs and, in February 2022, the City seized and later razed plaintiff's home.

Plaintiff filed the complaint related to this appeal on March 21, 2022, alleging fraudulent misrepresentation by defendants. Defendants moved for summary disposition, arguing that the limitations period of plaintiff's claim was expired. The trial court granted the motion. Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. STATUTE OF LIMITATIONS

Plaintiff contends the trial court incorrectly dismissed his complaint on the basis of the statute of limitations. We disagree.

### A. STANDARD OF REVIEW

This Court reviews de novo motions for summary disposition. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). Questions regarding the timeliness of a party's claim are also reviewed de novo. *Farley v Advanced Cardiovascular Health Specialists PC*, 266 Mich App 566, 570; 703 NW2d 115 (2005). Summary disposition is proper under MCR 2.116(C)(7) when the statute of limitations bars a claim.

This case further involves issues of statutory interpretation and of administrative orders from our Supreme Court, which are reviewed de novo. *Farley*, 266 Mich App at 570-571; *Carter v DTN Mgt Co*, ___ Mich App ___, ___ n 1; ___ NW2d ____ (2023) (Docket No. 360772); slip op at 3. "Principles of statutory construction apply to determine the Supreme Court's intent in promulgating rules of practice and procedure." *Linstrom v Trinity Health-Mich*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 358487); slip op at 6. "When courts interpret statutes, they must first look to the specific statutory language to determine the intent of the Legislature, and if the language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted." *City of Grand Rapids v Brookstone Capital, LLC*, 334 Mich App 452, 459; 965 NW2d 232 (2020).

### B. LAW AND ANALYSIS

The proceedings below included multiple hearings involving oral arguments by the parties. One such hearing was defendants' motion for summary disposition on March 2, 2023. This hearing is directly relevant to plaintiff's disagreement with the trial court's resolution of defendants' motion for summary disposition. MCR 7.210(B)(1)(a) states, in relevant part: "The appellant is responsible for securing the filing of the transcript as provided in this rule . . . . [T]he appellant must order from the court reporter or recorder the full transcript of testimony and other proceedings in the trial court or tribunal." Plaintiff plainly violated this rule by failing to secure the relevant lower court transcript for the appellate court record. Given the authoritative nature of the rule that the party "must" order a copy of the transcript, this issue is waived for lack of a complete record. See, e.g., *Leelanau Co Sheriff v Kiessel*, 297 Mich App 285, 288-289; 824 NW2d 576 (2012) (declining to consider an issue for an appellant's failure to order the relevant transcripts). Further weighing in favor of waiver is the fact that plaintiff's argument on appeal

rests almost completely on the assumption that the trial court considered the wrong statute of limitations when it dismissed plaintiff's complaint. The trial court's order dismissing plaintiff's complaint did not explicitly state the relevant statute of limitations. Without the transcript of the proceedings, it is impossible to determine which statute of limitations the trial court relied on in granting defendants' motion for summary disposition.

But, even briefly considering plaintiff's argument, we conclude the trial court correctly granted summary disposition. We agree with plaintiff that the statute of limitations for his claim of common-law fraud[3] is 6 years. MCL 600.5813. Plaintiff's claim accrued on November 12, 2015, when Pritula Excavating sent the invoice to the City. MCL 600.5827 (A claim for common-law fraud "accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results."). Even accounting for tolling under our Supreme Court's administrative orders[4] related to the COVID-19 pandemic, the limitations period of plaintiff's claim expired before plaintiff filed the complaint on March 21, 2022. Thus, the trial court correctly dismissed the case on the basis of the statute of limitations.

## III. SANCTIONS

Plaintiff's arguments that sanctions are warranted is limited only to plaintiff's questions presented. There is no substantive argument anywhere in plaintiff's amended brief on appeal explaining why sanctions are warranted. Thus, plaintiff's belief that counsel for defendants committed sanctionable offenses is plainly abandoned as it is impossible to determine plaintiff's argument. *MOSES Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006) ("If a party fails to adequately brief a position, or support a claim with authority, it is abandoned.").

Affirmed.

/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron

---

[3] Plaintiff did not explicitly state his claim was for common-law fraud. But, looking to the gravamen of the allegations, *Kuznar v Raksha Corp*, 272 Mich App 130, 134; 724 NW2d 493 (2006), we determine the basis of his complaint was common-law fraud.

[4] See Administrative Order No. 2020-3, 505 Mich cxxvii (2020); Administrative Order No. 2020-18, 505 Mich clviii (2020).