*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GREGORY JAMES MCCUMBERS,

        Plaintiff-Appellant,

v

TITTLE BROTHERS CONSTRUCTION LLC,

        Defendant-Appellee.

UNPUBLISHED
June 13, 2024

No. 366666
Wayne Circuit Court
LC No. 21-017164-CK

Before: MURRAY, P.J., and RIORDAN and D. H. SAWYER*, JJ.

PER CURIAM.

In this action involving residential construction contracts, plaintiff Gregory James McCumbers appeals as of right the court's order denying his motion to vacate the arbitration award, and the court's final judgment affirming the $14,500 arbitration award against defendant Tittle Brothers Construction LLC. Plaintiff argues that the court should not have treated the arbitration award as binding, and erred in upholding the award, because the arbitration clause gave the arbitrator authority to act under the Michigan Arbitration Act, MCL 600.5001 *et seq.*, which was repealed in 2012 before the contracts were signed.[1] We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

In October 2020, plaintiff entered into three contracts with defendant to perform construction work at his home, each of which contained the following arbitration clause:

> Governing law, Consent to Jurisdiction WAIVER OF JURY TRIAL, and Arbitration: Any controversy or claim regarding this Agreement (except for nonpayment of the contract sum) shall be submitted to binding arbitration to be conducted by a single arbitrator to be agreed to by Tittle Brothers and Customer in accordance with, at Tittle Brother's option, the Construction Industry Arbitration

---

[1] See 2012 PA 370.

---

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Rules of either the Better Business Bureau or the American Arbitration Association. This Agreement shall be governed and construed in accordance with the laws of the State of Michigan. In any state court proceeding which may be permitted hereunder arising out of or relating to this Agreement CUSTOMER HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY. A demand for arbitration shall be made no later than six (6) months from the date such claim accrues as a matter of law. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim or dispute would have been barred by the applicable statute of limitations. In any proceeding where the award is in favor of Tittle Brothers, Customer shall pay Tittle Brothers' costs and actual attorney fees. The arbitrator shall have the authority to fashion a remedy to the full extent such remedy is available pursuant to Michigan's arbitration statute, MCLA § 600.5001, et seq., as amended (the 'Act'). The proceedings shall be deemed an arbitration proceeding subject to the Act. The arbitrator shall have all powers granted to an arbitrator under the Act. Nothing herein shall be deemed a waiver of Tittle Brothers right to file a Claim of Lien under Michigan's Construction Lien Act, MCLA § 570.1101, et seq. In the event a lien is filed, the validity of the lien and the determination of the lien amount may be decided by arbitration as set forth above and a judgment of foreclosure based upon the lien may enter in a court of appropriate jurisdiction.

On December 14, 2021, plaintiff filed this action in circuit court claiming breach of contract and conversion, and alleging that defendant terminated the contracts and failed to return his deposits.[2] In lieu of an answer, defendant moved for summary disposition of the claims under MCR 2.116(C)(7), and to compel arbitration, citing the parties' arbitration agreement.

Plaintiff asserted in response that the arbitration clause is void because MCL 600.5001 *et seq.*, the statute by which it granted the arbitrator authority, was repealed in 2012, and replaced by the Uniform Arbitration Act. Thus, according to plaintiff, any arbitrator acting pursuant to the arbitration clause would necessarily exceed his or her powers under MCR 3.602(J)(2)(c).

The court rejected plaintiff's arguments at the motion hearing, finding that despite the arbitration clause's inclusion of the repealed statute, the parties agreed to arbitration using the rules of the American Arbitration Association or the Better Business Bureau, striking that portion of the clause referencing the repealed statute, and compelling arbitration. The court directed the parties to file an order to that effect, entered on May 3, 2022, which was labeled a final order closing the matter and which stated, in pertinent part:

> IT IS ORDERED that this matter is dismissed, and binding arbitration is compelled.
>
> IT IS ORDERED that arbitration between the parties shall be in accordance with the Paragraph titled "Governing law, Consent to Jurisdiction, WAIVER OF

---

[2] Plaintiff did not attach the full contracts with this language to his complaint.

JURY TRIAL and arbitration." Further and in accordance with the agreement between the parties, the arbitration shall be in accordance with the Construction Industry Arbitration Rules of either the Better Business Bureau or the American Arbitration Association.

IT IS ORDERED that Plaintiff shall be responsible for customary filling [sic] fees in the Arbitration.

IT IS ORDERED that either party may apply for a Judgment to be entered with this court after the arbitration is compelled.

Arbitration was conducted on March 8, 2023, and the arbitrator awarded plaintiff $14,500 against defendant, which plaintiff states was the amount he paid in earnest money deposits to defendant. Plaintiff then moved to reopen the case and vacate the arbitration award under MCR 3.602(J)(2)(c), arguing that the arbitrator exceeded her powers and had no authority to act on the same basis raised in opposition to arbitration—that the arbitrator's powers were derived from the contract terms, which referenced a repealed act.

Defendant asserted in response that the arguments raised were identical to those rejected by the court when it compelled arbitration, and that plaintiff presented no facts demonstrating that the arbitrator exceeded her authority, stating: "In her Arbitration Award, Judge Hathaway addressed [plaintiff's] breach of contract claim. She found, pursuant to the language of the contracts, that [plaintiff] was entitled to $14,500, which constitutes return of his security deposits pursuant to the Limitation of Remedies clause." We cannot locate a transcript for the hearing on this motion in the record provided to the Court, but the register of actions indicates that the trial court held the hearing on April 21, 2023, and denied the motion.

Following that hearing, plaintiff moved for entry of judgment pursuant to MCR 3.602, requesting judgment in the amount of $14,500 (the arbitration award) plus $1,350.85 for "taxable costs." Defendant denied responsibility for costs, and pointed out plaintiff had never submitted an order to the court codifying the court's ruling on plaintiff's motion to vacate the arbitration award. Ultimately, the court entered judgment in the amount of $14,500 to reflect the arbitration award and an order denying plaintiff's prior motion to vacate the arbitration award. It is from this order and the final judgment that plaintiff now appeals.[3]

---

[3] It bears noting that plaintiff did not appeal the court's May 3, 2012 order compelling arbitration and granting summary disposition, which was labeled a final order, but makes many of the same arguments made in opposition to those motions. Nevertheless, defendant does not challenge this Court's jurisdiction, and the orders from which plaintiff appeals are final judgments or orders appealable as of right under MCR 7.203(A)(1). See *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009).

## II. ANALYSIS

Plaintiff argues that the court should not have treated the arbitration award as binding, and erred in upholding the award, because the arbitration clause gave the arbitrator authority to act under a repealed statute. Thus, he asserts, the arbitrator exceeded her authority.

### A. STANDARDS OF REVIEW

"Generally, issues regarding an order to enforce, vacate, or modify an arbitration award are reviewed de novo," *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 554; 682 NW2d 542 (2004),[4] as is whether an arbitrator exceeded his or her authority, *Radwan v Ameriprise Ins Co*, 327 Mich App 159, 164; 933 NW2d 385 (2019). "The existence of an arbitration agreement and the enforceability of its terms are judicial questions for the court, not the arbitrators." *City of Ferndale v Florence Cement Co*, 269 Mich App 452, 458; 712 NW2d 522 (2006). Thus, "[w]hether a particular issue is subject to arbitration is also reviewed de novo, as is the interpretation of contractual language." *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016) (citations omitted).

### B. WAIVER

As defendant asserts, plaintiff failed to provide this Court a copy of the transcript for the hearing on his motion to vacate the arbitration award in accordance with MCR 7.210(B)(1)(a) ("[T]he appellant must order from the court reporter or recorder the full transcript of testimony and other proceedings in the trial court or tribunal. Once an appeal is filed in the Court of Appeals, a party must serve a copy of any request for transcript preparation on opposing counsel and file a copy with the Court of Appeals."). Failure to provide a transcript may result in waiver of appellate review, but exceptions may be made where an issue raised is subject to de novo review, and the transcript is not relevant to that issue. See *Leelanau Co Sheriff v Kiessel*, 297 Mich App 285, 288-289; 824 NW2d 576 (2012). Here, while the issues plaintiff raises are subject to de novo review, the transcript is directly relevant to those issues, and we could consider them waived. Nevertheless, we reject plaintiff's arguments for the reasons provided below.

### C. VALIDITY OF THE ARBITRATION AGREEMENT

Repurposing the arguments he raised in response to defendant's motion for summary disposition and to compel arbitration, plaintiff argues, as he did in support of his motion to vacate, that the court erred in upholding the arbitration award as binding because the arbitration clause in the parties' contracts granted the arbitrator authority to act under MCL 600.5001 *et seq.*, which was repealed in 2012. Thus, plaintiff asserts, the arbitrator exceeded her powers and her decision should be nonbinding.

To analyze plaintiff's arguments, we must first determine whether the parties entered into a valid arbitration agreement. "Because '[a]rbitration is a matter of contract,' *Kaleva-Norman-Dickson Sch Dist No 6 v Kaleva-Norman-Dickson Sch Teachers' Assoc*, 393 Mich 583, 587; 227

---

[4] See also *Hope-Jackson v Washington*, 311 Mich App 602, 613; 877 NW2d 736 (2015).

NW2d 500 (1975), 'when interpreting an arbitration agreement, we apply the same legal principles that govern contract interpretation,' *Altobelli*, 499 Mich at 295." *Lichon v Morse*, 507 Mich 424, 437; 968 NW2d 461 (2021). "Our primary task is to ascertain the intent of the parties at the time they entered into the agreement, which we determine by examining the language of the agreement according to its plain and ordinary meaning." *Legacy Custom Builders, Inc v Rogers*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359213); slip op at 4 (quotation marks and citation omitted).

Examining the language of the arbitration clause, we hold that the trial court appropriately found a valid and binding arbitration agreement between the parties. The clause explicitly compels arbitration and provides rules under which the arbitration should be conducted outside of MCL 600.5001 *et seq.*, stating:

> Any controversy or claim regarding this Agreement (except for nonpayment of the contract sum) shall be submitted to binding arbitration to be conducted by a single arbitrator to be agreed to by Tittle Brothers and Customer in accordance with, at Tittle Brother's option, the Construction Industry Arbitration Rules of either the Better Business Bureau or the American Arbitration Association. This Agreement shall be governed and construed in accordance with the laws of the State of Michigan. In any state court proceeding which may be permitted hereunder arising out of or relating to this Agreement CUSTOMER HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY.

Despite the later reference to MCL 600.5001 *et seq.*, plaintiff can make no legitimate argument that the clause was ambiguous or he did not understand that by signing the contracts, he agreed to arbitrate any and all claims, and the trial court appropriately struck that portion of the clause granting power to the arbitrator under the repealed arbitration statute.[5] *Lebenbom v UBS Fin Servs, Inc*, 326 Mich App 200, 216; 926 NW2d 865 (2018) (stating that "[a]n unambiguous contract is to be enforced as written, and the mere fact that contractual terms are '[i]nartfully worded or clumsily arranged' will not necessarily lead to a finding that a contract is ambiguous 'if it fairly admits of one interpretation.' ") (citation omitted). This is especially true considering that this state is favorable to arbitration, *Altobelli*, 499 Mich at 295, and doubts regarding arbitrability should be resolved in favor of arbitration, *Lebenbom*, 326 Mich App at 210.

As we hold that the parties entered into a valid and binding arbitration agreement, plaintiff's additional arguments fail. He asserts that the arbitrator exceeded her powers under MCR 3.602(J)(2)(c) and, thus, the court should have considered her award nonbinding. Under MCR 3.602(J)(2), on motion of a party, a court shall vacate an award if the arbitrator exceeded his or her powers. MCR 3.602(J)(2)(c). "Arbitrators exceed their power when they 'act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of

---

[5] The contracts also contained a savings clause stating that "[i]n the event any provision of this Agreement shall be unenforceable, then such provision shall be deemed deleted, but shall not invalidate the remaining provisions of this Agreement", which defendant's counsel alerted the court to during the hearing on its motion for summary disposition and to compel arbitration.

controlling principles of law.' " *Saveski*, 261 Mich App at 554-555, quoting *DAIIE v Gavin*, 416 Mich 407, 434; 331 NW2d 418 (1982).  Plaintiff provides no argument or factual support that the arbitrator exceeded her powers for any reason other than that the arbitration clause contained a repealed statute, and we have rejected that argument.  He presents no evidence that she conducted the arbitration pursuant to that repealed statute, or that the award itself went beyond the material terms of the contract.  Indeed, the court's order compelling arbitration specifically stated that arbitration should be conducted in accordance "with the Construction Industry Arbitration Rules of either the Better Business Bureau or the American Arbitration Association," and the award of plaintiff's security deposit is consistent with another provision in the parties' contracts which states:

> Customer agrees that in no event shall Tittle Brothers be obligated to Customer for any claim of incidental or consequential damages, lost profits or other form of indirect or similar damages or liability, and that the Customer's sole remedy and the maximum liability of Tittle Brothers for any damages under this Agreement shall be, at Tittle Brothers' option, (1) Tittle Brothers' repair and/or replacement of the items set forth above in the description of the Project, or (2) the refund of the Deposit to Customer.

We also reject plaintiff's argument that the court erred by upholding the arbitration award as binding because "[n]owhere in the [American Arbitration Act] Rules do they indicate that a matter is 'binding' simply because the matter is arbitrated."  As indicated above, the arbitration clause itself explicitly mandated *binding* arbitration, so we need not specifically examine the rules of the American Arbitration Act.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael J. Riordan
/s/ David H. Sawyer